# KANSAS CITY RAILWAYS COMPANY et al., Appellants, v. BATTLE McCARDLE and BENTLY CLOTHING COMPANY.

### Division One, June 6, 1921.

1. **APPEAL: From Action on Petition: Amended Petition.** When an amended petition is filed the original petition is merely an abandoned pleading, and an appeal from a record showing "action by the court on petition" is an appeal from the court's ruling on the amended petition.

2. **EXEMPTIONS: Jurisdiction of Foreign Court.** As against a demurrer, an allegation in the petition that the privilege of exemption of wages for the past thirty days of a non-resident employee of a Missouri corporation allowed by the laws of this State is not recognized by the courts of Kansas, makes it sufficiently apparent that said courts have jurisdiction to impound the employee's wages by attachment.

3. ———: **Evasion: Suit in Another State: Fraud on The Law.** Injunction will lie by one citizen of this State against another to prevent a fraud upon his exemption rights and the law creating the right. A petition alleging that the exemption laws of Missouri cannot be successfully invoked by a citizen of this State in the courts of Kansas; that the wages of the plaintiff, a citizen of Missouri and an employee of a domestic corporation, which are sought to be reached by garnishment in Kansas, are exempt under the laws of Missouri, and that the purpose of defendants in resorting to the Kansas courts is to evade and defeat the exemption laws of Missouri and deprive said employee of their benefit, states a cause of action for injunctive relief.

4. ———: ———: ———: **Injunction: Interference With Foreign Court.** An injunction operates *in personam*, and an injunction asking a court of this State to restrain one citizen of this State from using a Kansas court as an instrument whereby he may inflict injustice upon plaintiff, another such citizen, in violation of its exemption laws, is not an interference with the courts of Kansas, but is the same sort of jurisdiction which equity possesses to enjoin, in proper circumstances, an action at law in a domestic court.

Kansas City Railways v. McCardle.

5. ———: ———: ———: **Federal Constitution.** In a proper case, the equity courts of one State can enjoin persons within their jurisdiction from the prosecution of suits in another, and such injunction violates no right guaranteed by the Constitution of the United States.

6. ———: ———: ———: **State Constitution: Wrongful Parties.** Section 30 of Article 2 and Section 2 of Article 10 of the Missouri Constitution are not applicable to the power of a court of equity to enjoin persons within its jurisdiction from the prosecution of suits in another. Whether parties sought to be affected by the injunction, and whom plaintiff attempts to bring in by representation or as a class, are in court, is not a constitutional question at all.

7. ———: ———: ———: **Misjoinder: Proper Parties.** Injunction was brought by a Missouri corporation and one of its resident employees against a collection attorney and a clothing company to enjoin them from (1) prosecuting an attachment already begun in a Kansas court against said employee, to impound his wages for the last thirty days, in violation of Missouri laws; (2) to enjoin actions on numerous claims of the clothing company against employees of the corporation in which the attorney represents the clothing company; (3) to enjoin attachments on all claims of like kind in which the attorney may hereafter represent the clothing company; (4) to enjoin attachments on all other claims of the clothing company; and (5) to enjoin attachments on all claims of any citizen who is or may hereafter be represented by said attorney, against any employee of said corporation who is a citizen of Missouri and whose wages are exempt from garnishment under said laws. *Held,* that the clothing company is in no respect a party, present or prospective, to many of the causes of action the enforcement of which by garnishment is sought to be enjoined, and a demurrer charging misjoinder, having been filed, was properly sustained. *Held,* also, that the debtor employee is a proper plaintiff, and that the Missouri corporation can maintain a suit against the attorney to prevent him from instituting such attachments, for any and all his clients, since as garnishee it must not let the garnishments go by default and is being continuously harassed by a multiplicity of garnishment proceedings, and it can maintain injunction against said clothing company.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

Affirmed.

*C. E. Cooley* for appellants.

(1) The petition sets forth facts sufficient to constitute in equity a cause of equitable relief in favor of both appellants, and against both respondents. (a) An injunction will lie at the suit of a resident of this State, who is entitled to exemptions under its laws, to restrain another resident of the State from prosecuting a suit by attachment, in a foreign jurisdiction, where the purpose and effect of such suit is to evade the exemption laws of this State and deprive such resident of his exemptions under the laws of this State. Hardware & Mfg. Co. v. Lang & Co., 54 Mo. App. 147; Ry. Co. v. Siefert, 41 Mo. App. 35; Kelly v. Siefert, 71 Mo. App. 143; Fielder v. Jessup, 24 Mo. App. 91; Todd v. Mo. Pac. Ry. Co., 33 Mo. App. 110; Keyser v. Rice, 47 Md. 208, 28 Am. St. 448; Dehon v. Foster, 4 Allen (Mass.) 545; 2 Freeman on Executions (3 Ed.), p. 1076; Cole v. Cunningham, 133 U. S. 107; Allen v. Buchanan, 97 Ala. 187, 38 Am. St. 187; Griggs v. Docter, 89 Wis. 161, 46 Am. St. 824. (b) The interests of the garnishee, and of the defendant in a garnishment proceeding, in the object of the suit, are so interrelated as to enable such garnishee to join in a suit with such defendant to enjoin a resident of the same jurisdiction as such garnishee and defendant, from proceeding by attachment in the courts of a foreign jurisdiction, for the purpose of depriving such defendant of the exemptions allowed him by the laws of the domicile of the parties, especially where the purpose and effect of such proceeding is to harass and annoy garnishee and defendant. Ry. Co. v. Siefert, 41 Mo. App. 35; 16 Cyc. 184; Fletcher v. Wear, 81 Mo. 532; Story on Equity Pleading (10 Ed.), 85. (c) If the garnishee may join with an individual employee in asking an injunction restraining the institution or prosecution of a garnishment proceeding in a foreign jurisdiction, where all the parties are residents of this jurisdiction, and where the purpose of such proceeding is to deprive the employee of his

exemption rights, then such garnishee, joined with one or more employees, is entitled to such relief on behalf of all other employees similarly situated.  1 Beach on Injunctions, p. 372, sec. 365; 22 Cyc. 912; Ry. Co. v. Siefert, 41 Mo. App. 35; Savings Inst. v. Collonious, 63 Mo. 295.  (2) The petition is not demurrable on the ground of multifariousness or misjoinder of causes of action. (a) As to plaintiffs: R. S. 1909, sec. 1731; 16 Cyc. 184; Bobb v. Bobb, 76 Mo. 419; Breimeyer v. Star Bottling Co., 136 Mo. App. 84; 16 Cyc. 248, 6b.  (b) As to defendants: Bobb v. Bobb, 76 Mo. 419; Perkins v. Baer, 95 Mo. App. 70.  (3) There are no valid constitutional objections to the jurisdiction of the courts of this State to grant the relief prayed in appellants' petition.  Hardware & Mfg. Co. v. Lang, 54 Mo. App. 147; Cole v. Cunningham, 133 U. S. 103; Dehon v. Foster, 4 Allen (Mass.) 545; Keyser v. Rice, 47 Md. 203, 28 Am. St. 448; Towne v. Bowers, 81 Mo. 496.

*Battle McCardle* for respondent.

(1) Demurrer was properly sustained.  The suit was not filed in the name of the real party in interest. Sec. 1729, R. S. 1909.  The Kansas City Railways Co. had no interest in the exemption from garnishment of any wages due its employees.  The right to claim such exemption was a privilege personal and peculiar to such employees.  It could not be assigned, and it could not be exercised by the employer, the Kansas City Railways Company.  Howland v. Railroad, 134 Mo. 474; Osburn v. Schutt, 67 Mo. 712; Wabash R. R. Co. v. Bowring, 103 Mo. App. 164; Holmes v. Corbin, 20 Mo. App. 507; Dinkins v. Cruden-Martin Co., 99 Mo. App. 310.  (2) The mere fact that the Kansas City Railways Company was called upon to answer a summons in garnishment in Kansas instead of Missouri constituted no grievance. Petition showed no fraud upon the railway, and no added hardship in calling upon it to appear in court in Kansas,

where it operated a road, had offices and was licensed to do business. Petition contained no charge that under law it was not liable to be summoned legally in Kansas. Under such a state of facts our courts have refused to interfere by injunction. Hardware & Mfg. Co. v. Lang, 54 Mo. App. 147, 127 Mo. 142. (3) Before Allen C. Campbell was made a party plaintiff, demurrer should have been sustained. Clearly several causes of action were then united improperly. After he became a party plaintiff the same several causes of action continued united improperly. All causes of action that may be united must "all belong to one of these classes and affect all the parties to the action." Sec. 1759, R. S. 1909; Beattie v. Gerardi, 166 Mo. App. 143. (4) Cause of action filed originally in favor of the Kansas City Railways Company could not be amended by making Campbell a party plaintiff. The cause of action was not joint. The first petition was bad, and the only effect of adding a party plaintiff was to substitute Campbell for the Railways Company. The code permits amendment, but not where the cause of action is changed, nor where one cause is substituted for another. Courtney v. Sheehy, 38 Mo. App. 290; Jordan v. Railroad, 105 Mo. App. 446; Hall v. School District, 36 Mo. App. 21; Scoville v. Glasner, 79 Mo. 449. No privity of relationship was shown to exist between the Railways Company and Campbell or other employees. That such privity exists is a necessary condition precedent to the maintenance of a joint action. (5) Petition was lacking wholly in equity. If it possessed any equity it was difficult to find the same, hidden as it must have been in the evident multifariousness of the petition. (6) Petition sought to reach all persons who at any time in the future, now unknown and unnamed, might be represented by defendant McCardle. This relief, if granted, would amount to a partial disbarment of defendant McCardle from practicing law; a result that cannot be effected by injunction.

JAME'S T. BLAIR, J.—This is an appeal from a judgment for defendants upon plaintiffs' failure to plead over after the trial court sustained a demurrer to the following petition:

"Come now plaintiff above named, and for their cause of action against the defendants above named, state: that plaintiff Kansas City Railways Company is a corporation duly organized according to law, operating a street railway system in the cities of Kansas City, in the State of Missouri, and vicinity, and in Kansas City, in the State of Kansas, and vicinity, and as such employs a large number of men in its business; that plaintiff Allen C. Campbell is an employee of said Kansas City Railways Company; that the defendant Bentley Clothing Company is a corporation organized and existing under the laws of Missouri, and doing a credit clothing business in Kansas City, Missouri; that defendant Battle McCardle is an attorney, operating a collection office in Kansas City, Missouri, collecting bills for a large number of credit houses located in Kansas City, Missouri.

"It is provided by the laws of Missouri (Revised Statutes of 1909, sec. 2180, 2183 and 2415) that this plaintiff, or any employer, cannot be charged as garnishee for more than ten per cent of any wages due from him to a defendant in its employ for the last thirty days' service, where the defendant and employee is a resident of the State of Missouri, a married man or at the head of a a family.

"The defendant Battle McCardle, who is a resident of the State of Missouri, and has his office in Kansas City, Missouri, has at times numerous accounts for collection against employees of this plaintiff. For the purpose of harassing and annoying this plaintiff, Kansas City Railways Company, and for the purpose of depriving the employees or said plaintiff of the benefit of the exemptions allowed them by the laws of the State of Missouri, as aforesaid, said McCardle has been in the

habit of instituting numerous proceedings upon said claims against employees of said plaintiff in the courts of the State of Kansas, causing plaintiff to be summoned as garnishee on account of the wages due from it to said employees, and refusing to allow said employees the exemptions to which they are entitled under the laws of Missouri; said McCardle is continuing to so institute such proceedings in foreign jurisdictions, and to harass this plaintiff and its said employees, and plaintiff Allen C. Campbell, and threatens to continue so to do.

"Defendant McCardle represents numerous credit houses, among them the defendant Bentley Clothing Company. Plaintiff alleges that among the numerous claims upon which defendant McCardle has so instituted proceedings in foreign jurisdictions against employees of plaintiff Kansas City Railways Company is one of the defendant Bentley Clothing Company against one Allen C. Campbell, one of the above named plaintiffs, who is a resident of the State of Missouri, a married man and at the head of a family, and as such is entitled to the exemptions allowed him by the laws of Missouri; that proceeding upon said claim of defendant Bentley Clothing Company, defendant McCardle, as its attorney and agent, has caused suit to be instituted thereon against said Allen C. Campbell in the State of Kansas, and has caused this plaintiff Kansas City Railways Company to be summoned as garnishee therein, to appear and answer touching the amount due said Campbell for wages earned by him as such employee of the said plaintiff, for the last thirty days' service, for the purpose and with the view of depriving said Campbell of the exemptions allowed him by the laws of the State of Missouri, and for the purpose of harassing and annoying this plaintiff Kansas City Railways Company and its employees, especially said Campbell.

"Plaintiff further alleges that the privilege of exemptions allowed by the laws of the State of Missouri is not recognized by the courts of the State of Kansas,

the employees being non-residents of that State, and such privilege cannot be interposed except in the State of Missouri, although said employees demand such exemptions of plaintiff; that the proceedings of defendants, or either of them, are in fraud of the laws of the State of Missouri, and for the fraudulent purpose of depriving employees of plaintiff of their rights under such laws.

"Plaintiff further states that they have no adequate remedy or protection at law against the aforesaid fraudulent proceeding instituted by defendants Bentley Clothing Company, and Battle McCardle as attorney and the moving factor, or against any such numerous proceedings instituted by defendant McCardle as collection attorney, and that unless defendants, and each of them, are restrained from instituting such proceedings in foreign jurisdictions for the purpose of depriving plaintiff Allen C. Campbell and other employees of the plaintiff of their exemptions and in fraud of the exemption laws of the State of Missouri, plaintiff Kansas City Railways Company and its numerous employees will be subject to a multiplicity of suits, and be put to great annoyance and expense because of said acts of defendants, or either of them, and plaintiff Allen C. Campbell will suffer irreparable injury and be deprived of his rights, and that the employees of plaintiff Kansas City Railways Company will be deprived of the right, of exemptions allowed them by the laws of the State of Missouri, and will be subjected to great hardship and suffering because of being so fraudulently deprived of their right of exemptions, and will be subjected to irreparable injury at the hands of defendants, and especially the defendant McCardle, if each and every employee whose rights are so fraudulently denied him is compelled to proceed separately against defendants.

"Wherefore plaintiff prays the court to make an order enjoining and restraining defendants, or either of them, from further proceeding in or prosecuting the

above mentioned suit against Allen C. Campbell, and that either or both of them be enjoined from instituting any further proceeding, for themselves or for anybody else, either as plaintiff or as an attorney, in any State other than the State of Missouri, on any claim whereby they, or either of them, seek to charge plaintiff Kansas City Railways Company as garnishee on account of any wages due from it to any of its employees for the last thirty days' services, where said employee and the creditor both reside in the State of Missouri and the employees are married men or at the head of a family, and as such entitled to exemptions, and that after evidence has been introduced herein and this matter heard, this order be made perpetual and for such other and further relief as to the court may seem meet and proper.''

The demurrer filed in this petition by defendants reads as follows:

''Come defendants Bentley Clothing Company and Battle McCardle and demur to amended petition of the plaintiff herein, and for cause thereof states:

''That said petition fails to set forth facts sufficient to constitute in equity a cause of equitable relief in favor of either of the plaintiffs herein and against either of the defendants herein.

''That there is apparent upon the face of said amended petition a want of equity therein.

''For special grounds of demurrer to said amended petition, these defendants state:

''1.    That the action herein is not prosecuted in the name of the real party in interest, in that the Kansas City Railways Company, a corporation, has no interest in and to the exemptions from garnishment of wages of Allen C. Campbell, and that the right, if any, of said Campbell, to claim exemptions is a privilege personal and peculiar to him and cannot be asserted by the Kansas City Railways Company.

''2.    That there is a defect of parties plaintiff, in that there is united in said petition an alleged cause of

action in favor of the Kansas City Railways Company, and an alleged cause of action in favor of said Allen C. Campbell, and defendants state that there is no privity of relationship between the Kansas City Railways Company and Allen C. Campbell, and the two alleged causes of action are several and distinct and not joint and cannot be united in one petition.

"3. That several alleged causes of action have been improperly united in said petition, towit:

"a. A pretended cause of action in favor of Kansas City Railways Company, and a pretended cause of action in favor of Allen C. Campbell, against Battle McCardle.

"b. A pretended cause of action in favor of Kansas City Railways Company, and a pretended cause of action in favor of Allen C. Campbell, against Bentley Clothing Company.

"c. A pretended cause of action in favor of all persons now employed or to be employed by the Kansas City Railways Company and against Bentley Clothing Company and Battle McCardle.

"d. A pretended cause of action in favor of the Kansas City Railways Company and against all persons whomsoever in the future, who may be represented by Battle McCardle as attorney at law.

"e. A pretended cause of action in favor of all persons now employed or to be employed by plaintiff against all persons whomsoever who in the future may employ Battle McCardle as attorney at law.

"f. A pretended cause of action by Allen C. Campbell against all persons in the future, who may employ Battle McCardle as attorney at law.

"4. That severel alleged causes of action have been improperly united in said petition, in that there is united a pretended cause of action by the Kansas City Railways Company against Bentley Clothing Company and Battle McCardle on account of employees now employed or to be employed by it.

"A pretended cause of action by Allen C. Campbell against Battle McCardle and against all persons who in the future may employ Battle McCardle, as attorney at law, in that said Allen C. Campbell has no concern or interest whatsoever with persons in the future, as shown in said petition, who may employ Battle McCardle.

"Defendants state that each of said pretended causes of action are distinct and several, and that the Kansas City Railways Company has no interest, privity or concern with any pretended cause of action in favor of Allen C. Campbell.

"That the relief prayed for in said petition contravenes Article 4, Section 1, of the Constitution of the United States.

"That the relief prayed for contravenes Article 4, Section 2, of the Constitution of the United States.

"That the relief prayed for contravenes Section 1, Article 14, of the Constitution of the United States and Article 2, Section 30, of the Constitution of the State of Missouri.

"That the relief prayed for contravenes Article 2, Section 10, of the Constitution of the State of Missouri.

"That the relief prayed for contravenes Sections 951, 952, 953, 954 and 957, Revised Statutes of Missouri 1909.

"Wherefore defendants pray judgment and that the temporary restraining order be discharged and that the court award to them a reasonable allowance as attorney's fee herein."

The court sustained the demurrer and entered judgment as stated, and plaintiffs appealed.

I.   Defendant contends that the record does not show any action by the trial court upon the amended petition and that, therefore, the appeal is premature. This is based upon the fact that the record shows "action by the court on petition" and that "plaintiff elected to stand on petition." Defendant argues this neces-

*Appeal: Judgment on Petition.*

sarily refers, to the original petition and not to the amended petition. There is nothing in this contention. The only petition in the case when the court acted was the amended petition. The original petition, when the court ruled, was merely an abandoned pleading, if it really had any separate legal existence at all. The amendment was by interlineation. The word "petition" in the record must be construed to mean the pleading which constituted a petition at the time the ruling was made, and not some paper which once had been but no longer was a petition.

II. As against the demurrer filed, it sufficiently appears from the allegations of the petition that Campbell could have maintained a suit in Wyandotte County, Kansas, against the Railways Company **Admission by Demurrer.** for the wages which defendants are seeking to reach by garnishment proceedings in that county. The Kansas courts, therefore, had "jurisdiction to impound" Campbell's "credits there by the attachment." [Hardware & Mfg. Co. v. Lang & Co., 127 Mo. l. c. 247; Howland v. Ry. Co., 134 Mo. l. c. 478; State ex rel. v. Leahy, 193 Mo. App. l. c. 44; Farrar v. Am. Express Co., 219 S. W. l. c. 993, 994; Assurance Co. v. Walden, 238 Mo. l. c. 63.]

III. The petition alleges and the demurrer admits that the exemption laws of Missouri cannot be invoked successfully by a citizen of this State in the courts of Kansas; that Campbell's wages which are **Injunction: Fraud on the Law.** sought to be reached by garnishment in Kansas are exempt under the laws of Missouri, the State of Campbell's residence; that defendants are also residents of Missouri; and that the purpose of defendants in resorting to the Kansas court is to evade and defeat the exemption laws of Missouri and deprive Campbell of their benefit. Injunction will lie by one citizen of this State against another to prevent such a fraud upon exemption rights and upon our laws.

The decisions are practically unanimous in support of . this doctrine. [Kelly v. Siefert, 71 Mo. App. l. c. 147; Wabash Western Ry. Co. v. Siefert, 41 Mo. App. l. c. 41; Wierse v. Thomas, 145 N. C. 261, 15 L. R.. A. (N. S.) 1009 and note, 122 Am. St. Rep. 446 and note.] The injunction operates *in personam* and is not an interference with the courts of the foreign State. No restraint upon the Kansas court is attempted. The court of this State is asked simply to restrain one citizen of this State from using the Kansas court as an instrument whereby he may inflict injustice upon another citizen of this State. It is but the same sort of jurisdiction which equity possesses to enjoin an action at law in a domestic court, in proper circumstances. [1 High on Injunctions (4 Ed.), sec. 106, p. 116, et seq.; 2 Freeman on Executions (3 Ed.), sec. 209, p. 1076; Keyser v. Rice, 47 Md. l. c. 213, et seq.; Margarum v. Moon, 63 N. J. Eq. l. c. 588, 589; Allen v. Buchanan, 97 Ala, l. c. 401, et seq.] In these citations will be found cited numerous other decisions in point. With respect to the Federal constitutional questions which are raised, the Supreme Court of the United States has held valid the principle upon which this sort of proceedings rests. In Cunningham v. Butler, 142 Mass. 47, there was presented a question whether a Massachusetts court could enjoin parties from prosecuting a suit begun in a court of a foreign State by one citizen of Massachusetts against another in anticipation of insolvency proceedings in Massachusetts and for the purpose of attaching property in the foreign State and preventing its seizure and distribution in insolvency proceedings, i. e. to defeat those proceedings *pro tanto*. The principle of the cases permitting injunction in circumstances like those in the case now at this bar was applied, and it was held there was no constitutional restriction upon the power of the Massachusetts court to prevent, by injunction, the contemplated fraud. The cause went by writ of error to the Supreme Court of the United States. [Cole v. Cunningham, 133 U. S. 107.] That court, after

discussing the question, at page 116, stated it thus: "So that after all, the inquiry is, whether in a proper case, the equity courts of one State can control persons within their jurisdiction from the prosecution of suits in another. If they can, in accordance with the principles of equity jurisprudence and practice, no reason is perceived for contending that the Constitution of the United States prescribes any different rule." The very statement of the question makes clear the soundness of the ruling. Concerning the objection based upon Section 30 of Article 2 and Section 2 of Article 10 of the State Constitution, there seems to be no reason upon which those sections could be held applicable. The question whether parties sought to be affected, and whom plaintiffs attempt to bring in by representation or as a class, are in court, is not a constitutional question at all. They must be in court before the judgment could affect their rights. The question whether they are in court requires no construction of the Constitution. So far as concerns defendants' rights to access to courts for redress for their grievances that furnishes no ground for denying them the right to use a court as a means of defeating exemption rights and perpetrating what amounts to a fraud.

IV. The defendant who is sued, and not the garnishee, usually is the applicant for injunctive process in circumstances like those disclosed by the petition in this case. This was pointed out in Wabash Western Ry. Co. v. Siefert, 41 Mo. App. l. c. 41, in which the garnishee was sole plaintiff. In that case the St. Louis Court of Appeals held, in an opinion by ROMBAUER, P. J., concurred in by THOMPSON and BIGGS, JJ., that the garnishee was threatened with a multiplicity of suits and was entitled to have each of them enjoined by joining in each, as co-plaintiff, the individual employee proceeded against; that since there was no demurrer for defect of parties, the garnishee, as sole plaintiff, was entitled to affirmance of the judg-

*Parties: Misjoinder.*

ment against Siefert, who held, as assignee, numerous claims against individual employees of the railway company. Whether this ruling is correct need not be decided in this case. For present purposes let it be assumed to be so. The question of misjoinder is raised by the demurrer. The proceedings against which injunction is sought to prevent defendants from prosecuting attachments in Kansas, are: (1) the attachment actually begun in Kansas against Campbell; (2) actions on numerous. claims of the Bentley Clothing Company against employees of the Railways Company in which defendant McCardle represents the Bentley Clothing Company; (3) attachments on all other claims of like kind [as under (2)] in which McCardle may hereafter represent the Bentley Clothing Company; (4) on all other claims of the Bentley Clothing Company; (5) on all claims of any citizen of Missouri who is or may be represented by McCardle now or hereafter against any employee of the Railways Company who is a citizen of Missouri and entitled to exemptions with respect to the wages which may be garnisheed. It is obvious that whatever may be the rights of the plaintiffs, jointly or severally, and without regard to the question whether Campbell can be permitted to sue in behalf of all other employees in a like situation, the Bentley Clothing Company is in no respects a party, present or prospective, to many of the causes of action the enforcement of which by garnishment in Kansas is sought to be prevented. It has no connection with the several other clients of McCardle against whom injunction is sought, and no connection with claims of other firms or persons against Campbell and other employees of the Railways Company. While the petition, had no objection been raised to it, might have warranted some relief, yet the objection for misjoinder was made and sustained. That the ruling in this particular was correct is clear. Plaintiffs did not amend and eliminate the misjoinder, but stood on the petition.

The judgment is affirmed.  All concur; *Graves, J.*, in separate opinion, in which all concur.

GRAVES, J. (concurring).—I concur in the result of the opinion herein.  The basis of such an action is the fraud upon the rights given to an employee in Missouri by our exemption statutes.  The petition in this case covers more ground than it should have covered.  In my judgment, the plaintiff Railways Company could have maintained a suit against McCardle to prevent him from instituting these numerous suits, the object of which was to obviate the effect of the exemption statutes of Missouri as to citizens of Missouri.  The Railways Company has such an interest in these attachment suits (as garnishee) as to give it a standing as a party plaintiff.  As garnishee it must not let the case go by default, but must place itself aright with its Missouri creditor employees by appearing continuously in such cases.  It has such interest by reason of the multiplicity of suits as will permit it to maintain an action such as is here brought, in its own right, as against McCardle, or as against McCardle and any particular client of his, who was bringing or threatening to bring such suits.  The Railways Company could join McCardle and any one particular client, as defendants.  It could maintain an action as against McCardle alone as to bringing such suits for any or all clients represented by him.  The Railways Company had more than a passing interest in the perpetration of this fraud upon the laws of the State.  It is being continuously harassed by these numerous garnishment proceedings, to which it is made a party, in the very act of perpetrating the fraud upon our laws.  We are firmly convinced that the Railways Company can maintain an action to enjoin such frauds upon our laws.  It was not necessary for it to have joined Campbell as party plaintiff. All the judges concur in these additional views.